# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re
TAQUAN RAHSHE GULLETT-EL,

    Debtor.                                              Bankruptcy Case No. 3:20-bk-618-JAF

---

TAQUAN RAHSHE GULLETT-EL,

    Appellant,

v.                                                                                    Case No. 3:20-cv-1047-TJC

INTERNAL REVENUE SERVICE,
AMERICAN BAR ASSOCIATION,

    Appellees.

---

TAQUAN RAHSHE GULLETT-EL,

    Appellant,

v.                                                                                    Case No. 3:20-cv-1062-TJC

INTERNAL REVENUE SERVICE,
AMERICAN BAR ASSOCIATION,

    Appellees.

---

TAQUAN RAHSHE GULLETT-EL,

    Appellant,

v.                                                                                    Case No. 3:20-cv-1065-TJC

INTERNAL REVENUE SERVICE,
AMERICAN BAR ASSOCIATION,

    Appellees.

TAQUAN RAHSHE GULLETT-EL,

    Appellant,

v.                                                                                            Case No. 3:20-cv-1075-TJC

INTERNAL REVENUE SERVICE,
AMERICAN BAR ASSOCIATION,

    Appellees.

# **O R D E R**[1]

These four bankruptcy appeals all stem from a voluntary Chapter 7 case filed in February 2020 by pro se debtor/appellant Taquan Rahshe Gullett-El, who, at the time, was a federal prisoner.[2] On March 2, 2020, the debtor filed a 49-page handwritten pro se adversary complaint naming the Internal Revenue Service ("IRS"), the American Bar Association ("ABA"), and eighteen other state and federal private and government agencies and entities. The complaint sought an order discharging three state and federal tax debts and assessments

---

[1] Unless otherwise noted, the documents referenced herein are included in the record on appeal filed in Case No. 3:20-cv-1047-TJC at Doc. 6.

[2] After Taquan Rahshe Gullett-El and his mother repeatedly filed frivolous and vexatious complaints stemming from their criminal arrests and prosecutions, the undersigned enjoined them from initiating any action or matter in the district court without prior approval. See In re Taquan Rahshe Gullett-El, et al., Case No. 3:17-mc-20-TJC-JBT (Doc. 1). The Court does not view the filing of the Chapter 7 bankruptcy petition, the adversary complaint, or these appeals as being violative of that injunction.

2

totalling $174,831, ordering the debtor's immediate release from federal prison, and granting "reparations and restitution" for damages in the amount of $373,110,656,400 arising out of his allegedly wrongful criminal convictions.

On March 11, 2020, the debtor filed a 21-page handwritten single-spaced document in his adversary proceeding titled "Letter Rogatory for International Judicial Assistance and Application for Ex. Rel, Action/Humanitarian Intervention." Finding the document to be unintelligible, on March 24, 2020, the bankruptcy court struck it. On April 2, 2020, Gullett-El filed an appeal of that order (Case No. 3:20-cv-1065-TJC).

Both the IRS and the ABA moved to dismiss the adversary complaint. And they both sought a stay of discovery pending decision on their motions to dismiss. On June 8, 2020, the bankruptcy court granted the motion to stay discovery. On June 19, 2020, Gullett-El filed an appeal of that order (Case No. 3:20-cv-1062-TJC).

On July 21, 2020 the bankruptcy court ruled on the IRS's and ABA's motions to dismiss, dismissing the claims seeking discharge from federal custody and the debtor's claims for damages, but granting the debtor leave to file an amended complaint as to the tax debts. On August 19, 2020, Gullett-El filed an appeal of that order (Case No. 3:20-cv-1075-TJC).

On September 3, 2020, the bankruptcy court dismissed the August 19, 2020 notice of appeal as untimely. On September 14, 2020, Gullett-El filed an

appeal of that order (Case No. 3:20-cv-1047-TJC).

In each of the four appeals, Gullett-El is seeking leave to proceed in forma pauperis. Even if the financial criteria are satisfied, a court must dismiss an appeal filed in forma pauperis if at any time the court determines the appeal is "frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "An appeal is frivolous under section 1915(e) 'when it lacks an arguable basis either in law or in fact.'" In re Evans, No. 3:06cv547/MCR/EMT, 2007 WL 1430264, at *1 (N.D. Fla. May 9, 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The Court cannot identify any "arguable basis either in law or in fact" raised by any of Gullett-El's appeals. Neitzke, 490 U.S. at 325. The order striking his unintelligible filing (Case No. 3:20-cv-1065) and the order staying discovery (Case No. 3:20-cv-1062) are not appealable final orders and there is no basis to appeal them on an interlocutory basis. See, e.g., Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 586 (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case.") (citation omitted). Nor did Gullett-El seek leave to appeal those orders on an interlocutory basis. See 28 U.S.C. § 158(a)(3). And there is no applicable exception that would permit the Court to treat them as appealable orders. See generally In re Transbrasil S.A. Linhas Aereas, No. 20-12238, ___ F. App'x ___, 2021 WL 3028768, at *5 (11th Cir. July

4

19, 2021) (discussing exceptions to the final judgment rule); Sec. and Exch. Comm. v. Torchia, 922 F.3d 1307, 1315 (11th Cir. 2019) (discussing collateral order doctrine).  As for his appeal of the order granting the motions to dismiss (Case No. 3:20-cv-1075) and his appeal of the order dismissing his appeal of that order as untimely (Case No. 3:20-cv-1047), the record includes no information upon which the Court could find the decision as to untimeliness to be erroneous.[3]  The appeal of that order (Case No. 3:20-cv-1047) is frivolous within the meaning of 28 U.S.C. § 1915(e).  Because it is untimely, the Court need not consider Gullett-El's appeal of the order dismissing his adversary complaint (Case No. 3:20-cv-1075).[4]

---

[3] The appeal was untimely even under the bankruptcy court's mailbox rule, Fed. R. Bankr. P. 8002(c).

[4] Even if the Court did consider Gullett-El's appeal of the order to dismiss on the merits, the outcome would be the same.  The bankruptcy court committed no error in finding that it had no subject matter jurisdiction over Gullett-El's frivolous claims seeking release from federal prison and reparations for damages allegedly resulting from his criminal convictions.  As for his claim for relief from the tax debts, the bankruptcy court gave Gullett-El leave to amend that claim within 30 days (provided he not name unnecessary parties and that he properly serve process on the tax creditors).  Thus, independent of the untimeliness, the appeal of the order of dismissal is frivolous within the meaning of 28 U.S.C. §1915(e) and there is no basis to grant leave to appeal in forma pauperis.  See, e.g., Briehler v. City of Miami, 926 F.2d 1001, 1003 (11th Cir. 1991) (explaining that "a dismissal with leave to amend is not final and appealable").

Accordingly, it is hereby

**ORDERED**:

Debtor/appellant Taquan Rahshe Gullett-El's motions to proceed <u>in forma pauperis</u> in each of these cases are denied. These four appeals are dismissed as frivolous. The Clerk shall terminate any pending motions and close the files.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of September, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

Counsel of record

<u>Pro</u> <u>se</u> appellant